20744. WELLS *v.* MOBLEY, superintendent, etc., *et al.*

STEPHENS, J.   1. Although, by an agreement between a bank and a customer who had delivered securities to the bank to be sold and converted into money, the proceeds when collected by the bank were to be remitted to the customer and not deposited to his credit as a depositor in the bank, yet where, upon a sale of the securities, the bank received in payment therefor a check payable to the customer but drawn on another bank, and the customer indorsed the check and left it with the bank, and there was at the time no express agreement between the customer and the bank as to whether the proceeds from the check when collected should be deposited to the customer's credit in the bank or should be remitted to the customer, but the customer had been a regular depositor in the bank, and at the time had a deposit account with it, and the officer of the bank with whom the customer left the check after indorsing it entered a deposit to the customer's credit for the amount represented by the check, and the customer at the time had no immediate use for the money, the occasion for its immediate use when the securities were brought to the bank having expired, and afterwards the customer made no demand on the bank for the proceeds represented by the check until after the expiration of forty-seven days, when, on the day before the bank failed and suspended operations and was taken over by the superintendent of banks, he drew a check on the bank, which was never honored, in an amount approximately equal to that which was received from the sale of the securities, and during the forty-seven day period following the date of his leaving with the bank the check received in payment for the securities sold for him by the bank, he made seven different deposits of money to his credit in the bank, the inference is authorized that the proceeds collected by the bank on the check received in payment for the securities and deposited to his credit in the bank were so deposited with his consent, and that as respects this deposit the relationship of debtor and creditor existed between him and the bank, and so existed at the time of the failure of the bank.

2. In a suit by the customer against the superintendent of banks to recover, as an unremitted collection entitled to priority over the claims of depositors, the full amount of the proceeds of the check received in payment for the plaintiff's securities and collected by the bank, where there was adduced evidence as indicated above, and the evidence authorized the inference that neither the officer of the bank nor the plaintiff had any knowledge that the bank was insolvent when the plaintiff left the check with the bank, the trial judge, passing upon questions both of law and of fact, was authorized to find for the defendant.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1931.

*S. B. McCall, Branch & Snow,* for plaintiff in error.
*Little & Dickerson,* contra.